UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RAYMOND MCCOY,                      )
                                    )
            Petitioner,             )
                                    )
       v.                           )   Civil Action No. 14-0923 (RBW)
                                    )
WARDEN THOMAS,                      )
                                    )
            Respondent.             )
_____ )

MEMORANDUM OPINION

The petitioner, proceeding *pro se*, seeks issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges the verdicts returned against him by a jury of the Superior Court of the District of Columbia on the grounds that he received ineffective assistance of counsel both at trial and on direct appeal to the District of Columbia Court of Appeals ("DCCA").  *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody ("Pet.") at 4, ECF No. 1.  The government contends that the petition should be denied because it lacks merit.  Government's Response to Petitioner's *Pro Se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Gov't's Resp.") at 1, ECF No. 13.  Under District of Columbia law, the Court lacks jurisdiction over the petitioner's challenge to trial counsel's alleged ineffectiveness, and the Court finds the claim arising from appellate counsel's alleged ineffectiveness unsupported.  Consequently, the petition will be denied for the reasons explained below.

I. BACKGROUND

Following a jury trial in Superior Court, the petitioner was convicted of first-degree premeditated murder while armed, possession of a firearm during a crime of violence, and

1

carrying a pistol without a license. Pet. at 1, 5. He was sentenced on September 12, 2008, to a prison term of thirty-five years, followed by five years of supervised release. *See id.*; Gov't's Resp. at 3. The events underlying the convictions are summarized as follows:

> On October 28, 2004, McCoy shot and killed Imtiaz Mohammed with a .45-caliber pistol as Mohammed sat in the driver's seat of his rental car, which was parked on the 800 block of Rittenhouse St., N.W. That fact was undisputed. McCoy claimed and testified that he acted in self-defense. The government claimed that the act was premeditated murder.

*McCoy v. United States*, No. 08-CF-1360, Memorandum Opinion and Judgment (D.C. July 21, 2011) ("DCCA July 21 Mem. Op. and J.") at 1, ECF No. 2 at 34.[1] In addition to the petitioner's testimony, the jury considered that of the medical examiner and two bystanders. *See* Gov't's Resp. at 1-3 (recounting the trial evidence).

The DCCA affirmed the petitioner's convictions in the July 21, 2011 Memorandum Opinion, finding, among other things, that "[t]he government presented substantial evidence at trial refuting McCoy's claim of self-defense," DCCA July 21 Mem. Op. and J. at 4, and that "[t]he government's evidence was substantial[,]" *id.* at 7. The petitioner filed a motion pursuant to D.C. Court of Appeals Rule 41(f) in the DCCA to recall the mandate affirming the convictions, and he filed a petition in the United States Supreme Court for a writ of certiorari, which was denied on October 12, 2012. Gov't's Resp. at 3-4. In the recall motion, the petitioner claimed that appellate counsel was ineffective for failing to file a motion under D.C. Code § 23-110 (2001) based on ineffective assistance of trial counsel. A Motion to Recall the Mandate Under D.C. Rule of Appella[te] Procedure [ ] 41 ("Recall Mot.") at 59-71, ECF No. 2. The petitioner claimed that trial counsel was ineffective for "fail[ing] to cross[-examine a]

---

[1] The ninety-three pages comprising ECF No. 2 include the petitioner's Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 2254 and multiple exhibits that are neither marked for identification purposes nor clearly separated. Thus, when citing the petitioner's exhibits, the Court will initially provide the document's caption and its location utilizing the page numbers automatically assigned by the Court's electronic case filing system.

government witness correctly, call [the decedent's girlfriend as a ] defense witness and move for a mistrial or other-wise [sic] seek rel[ie]f (*e.g.*, re-argument or curative instruction) after the government[']s rebuttal[.]" Recall Mot. at 2, ECF No. 2 at 60.

The DCCA denied the petitioner's recall motion "on the merits." *McCoy v. United States*, No. 08-CF-1360 (D.C. Sept. 9, 2013) (per curiam) ("Sept. 9, 2013 Order"), ECF No. 2 at 44. The DCCA first quoted *Watson v. United States*, 536 A.2d 1056, 1060-61 (D.C. 1987) (en banc) for the proposition that the petitioner had not "carrie[d] the heavy burden of setting forth in detail, 'chapter and verse,' a persuasive, factually based argument for recalling the mandate." The Court then stated:

> Further, counsel's decision to not file a D.C. Code § 23-110 motion will be considered ineffective assistance only if the filing of such a motion would have been meritorious. . . . Finally, many of the issues raised in appellant's motion fall within the purview of tactical decisions and, without a showing of prejudice that we find has not been established in this case, do not provide a basis for establishing ineffective assistance of trial counsel.

*Id*. (citation omitted). The petitioner filed this action in the United States District Court for the Middle District of Pennsylvania, which in turn then transferred the case to this Court. May 28, 2014 Order, ECF No. 7.

## II. DISCUSSION

**1. The Petitioner's Ineffective Assistance of Trial Counsel Claim**

It is settled that unlike federal and state prisoners, "a District of Columbia prisoner has no recourse to a federal judicial forum [to challenge a Superior Court conviction] unless the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986) (internal quotation marks omitted). This is so because D.C. Code § 23-110 authorizes a District of Columbia prisoner to file a motion "to vacate, set aside, or correct [a] sentence on any of four grounds" challenging its

constitutionality, *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991), and this local remedy "has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992) (citing *Garris*, 794 F.2d at 725; *Swain v. Pressley*, 430 U.S. 372, 377-82 (1977)).

A motion under § 23-110 must therefore be filed in the Superior Court, and

> [an] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). The petitioner's claim of trial counsel ineffectiveness is reviewable under D.C. Code § 23-110. *See Reyes v. Rios*, 432 F. Supp. 2d 1, 3 (D.D.C. 2006) ("Section 23-110 provided the petitioner with a vehicle for challenging his conviction based on the alleged ineffectiveness of his trial counsel."); *Garmon v. United States*, 684 A.2d 327, 329 n. 3 (D.C. 1996) ("A motion to vacate sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel."). And the petitioner has not shown that this local remedy is ineffective or inadequate to test the legality of his detention based on trial counsel's alleged ineffectiveness. Therefore, the Court finds this ground for relief jurisdictionally barred by D.C. Code § 23-110(g).

**2. The Petitioner's Ineffective Assistance of Appellate Counsel Claim**

In *Williams*, the District of Columbia Circuit held that a District of Columbia prisoner's claim of ineffective assistance of appellate counsel could proceed in federal court under "the

4

standard set forth in 28 U.S.C. § 2254" because the claim was not cognizable under D.C. Code § 23-110.  586 F.3d at 1002; *see id.* at 998, 1000-01.  Section 2254 codifies parts of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") —"the federal court's 'labyrinth' collateral review procedure."  *Head v. Wilson*, 792 F.3d 102, 106 (D.C. Cir. 2015).  Section 2254 permits federal court review of a state court conviction after the petitioner has exhausted his state remedies.  § 2254(b)(1).  "In the District of Columbia, challenges to the effectiveness of appellate counsel are properly raised through a motion to recall the Court of Appeals' mandate" affirming the conviction.  *Reyes*, 432 F. Supp. 2d at 3 (citing *Watson*, 536 A.2d at 1060; D.C. App. R. 41(c)); *see also Williams*, 586 F. 3d at 1000 (noting that "D.C. prisoners who challenge the effectiveness of appellate counsel through a motion to recall the mandate in the D.C. Court of Appeals will get a second bite at the apple in federal court").  There is no question that the petitioner has satisfied the exhaustion requirement; therefore, his ineffective assistance of appellate counsel claim is properly before this Court.

The Supreme Court has "time and again . . . instructed that AEDPA . . . erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *White v. Wheeler*, ___ U.S. ___, 136 S. Ct. 456, 460 (2015) (quoting *Burt v. Titlow*, 571 U.S. ___, ___, 134 S. Ct. 10, 16 (2013)).  As applicable here, "if a state court has already rejected an ineffective-assistance claim, a federal court may grant habeas relief only if the decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'"  *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (quoting 28 U.S.C. § 2254(d)(1)).  Consequently, "if the state-court decision was reasonable, it cannot be disturbed."  *Hardy v. Cross*, ___ U.S. ___, 132 S. Ct. 490, 495 (2011).  And the Supreme Court advised that "[t]he 'unreasonable application' clause of

§ 2254(d)(1) applies when the 'state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case' . . . in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000) (other citations omitted)). Recently, the Supreme Court reiterated:

> When the claim at issue is one for ineffective assistance of counsel . . . , AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. —, —, 134 S. Ct. 10, 17 (2013) . . . . In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." *Burt, supra*, at —, 134 S. Ct. at 13.

*Woods v. Etherton*, ___ U.S. ___, 136 S. Ct. 1149, 1151 (2016) (per curiam). In addition, "[i]n challenging the decision of an appellate attorney to forego a particular issue on appeal where others were presented, a defendant fights a particularly difficult battle, as he bears the burden of 'showing that a particular nonfrivolous issue was clearly stronger than issues that counsel did present.'" *United States v. Brisbane*, 729 F. Supp. 2d 99, 118 (D.D.C. 2010) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

      With the foregoing standard of review as its guide, the Court finds no grounds for issuing the writ because the DCCA's rejection of the petitioner's appellate counsel ineffectiveness claim was reasonable and in accordance with Supreme Court precedent. The standard for assessing an ineffective assistance of counsel claim is set out in *Strickland v. Washington*, 466 U.S. 668 (1984), which although established in evaluating the performance of trial counsel applies equally

to appellate counsel's performance, *Smith v. Robbins*, 528 U.S. 259, 285 (2000).[2] Thus, to prevail on his ineffective assistance claim, the petitioner "must show that (1) his counsel's performance 'fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Payne v. Stansberry*, 760 F.3d 10, 13 (D.C. Cir. 2014) (quoting *Strickland*, 466 U.S. at 687-88, 694) (other citation omitted)). "The *Strickland* test does not require defendants to show that the errors more likely than not altered the outcome in the case, but only that they were sufficient to undermine confidence in the outcome." *Id*. (citations, internal quotation marks, and emphasis omitted).

Here, the DCCA considered the petitioner's initial and amended recall motions, the government's response, and the petitioner's reply and concluded that the petitioner had satisfied neither requirement of *Strickland*. Sept. 9, 2013 Order. Although the terse decision does not specifically cite *Strickland*, the DCCA was clear that it was denying the recall motion "on the merits," that "many of the issues raised in [the] motion fall within the purview of tactical decisions," and that the petitioner had not made a "showing of prejudice." *Id*. In addition, the DCCA implicitly determined that the decision of appellate counsel "to not file a D.C. Code § 23-

---

[2] The petitioner "objects to the use of [the] Strickland standard and submits that [the DCCA's application of *Strickland*] is contrary to federal law." Petitioner's Objections to the Government's Response to Motion for Writ of Habeas Corpus Under 28 U.S.C. § 2254 at 5, ECF No. 16. The petitioner posits that the standard set out in *United States v. Cronic*, 466 U.S. 648 (1984) is applicable. *Id*. But *Cronic* applies in those rare circumstances where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing" and is thus ineffective *per se*. *United States v. Gooch*, 23 F. Supp. 3d 32, 39 (D.D.C. 2014) (quoting *Bell v. Cone*, 535 U.S. 685, 697 (2002) (other citation and internal quotation marks omitted)). The fact that the petitioner has taken issue with trial counsel's alleged failure to "cross[-examine a] government witness *correctly*," Recall Mot. at 2, ECF No. 2 at 60, actually undermines his argument for applying *Cronic*. Furthermore, the record establishes that defense counsel did not sit idly at trial. At the least, he moved pretrial to exclude certain evidence, preserved issues for appeal, and shepherded the petitioner through his direct examination. *See* DCCA's July 21, 2011 Mem. Op. and J. at 2-3. Accordingly, the Court has no basis for analyzing the petitioner's claims under *Cronic*.

110 motion" raising trial counsel ineffectiveness did not amount to ineffective assistance because such a motion would have been without merit. *Id*. The DCCA's rationale for denying the recall motion comported with its findings on direct appeal that the evidence used to convict the petitioner was "substantial." DCCA July 21 Mem. Op. and J. at 4, 7.

## CONCLUSION

For the foregoing reasons, the Court concludes that (1) it lacks jurisdiction over the petitioner's claims based on trial counsel's performance, and (2) the DCCA's rejection of the claims based on appellate counsel's performance was neither unreasonable nor contrary to Supreme Court precedent. Accordingly, the petitioner's application for a writ of habeas corpus is denied.[3]

_____s/_____
Reggie B. Walton
DATE: June 16, 2016                             United States District Judge

---

[3] A separate Order accompanies this Memorandum Opinion.